RAYMOND NARDO, P.C.
Counsel for Plaintiff
129 Third Street
Mineola, NY 11501
(516) 248-2121

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Maria Primiani,<br><br>                              Plaintiff,<br><br>    --against—<br><br>Financial Recovery Services Inc.,<br><br>                              Defendants. | **COMPLAINT**<br><br>**21-CV-4012** |

Plaintiff, **Maria Primiani**, by counsel, RAYMOND NARDO, P.C., brings this action against Defendant **Financial Recovery Services Inc.,** and alleges, as follows:

### PRELIMINARY STATEMENT

1. Plaintiff **Maria Primiani** brings this action to secure redress regarding unlawful collection practices engaged in by Defendant **Financial Recovery Services Inc.**, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. Plaintiff's legally protected and private information was wrongfully disclosed by Defendant to an unauthorized third-party, or third parties, causing injury to Plaintiff which can be redressed by an award of damages.

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

4. Venue is proper in the **Eastern District of New York** because Defendant's collection letter was received by Plaintiff in the Eastern District of New York, and Plaintiff resides there.

## PARTIES

Plaintiff

5. Plaintiff **Maria Primiani** is a natural person residing in Nassau County, NY.

Defendant

6. Defendant **Financial Recovery Services Inc.** is a company organized under Minnesota law with its principal office located at 4510 W. 77th St., Ste. 200, Edina, Mn. 55435 Edina, Minnesota.

7. Defendant is a foreign business corporation registered with the Secretary of State of New York and does business in New York.

8. Defendant **Financial Recovery Services Inc.** is a collection agency, collecting consumer debts for others and using the mails and telephone system for that purpose.

9. The principle purpose of **Financial Recovery Services Inc.'s** business is the collection of such debts.

10. Defendant **Financial Recovery Services Inc.** is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6), because Defendant uses one or more instrumentalities of interstate commerce, or the mail, in a business whose principal purpose is the collection of any debts.

## FACTUAL ALLEGATIONS

11. This action arises out of Defendant's attempts to collect a consumer debt incurred by Plaintiff for personal, family or household purposes.

12. On or about **November 16, 2020,** Defendant **Financial Recovery Services Inc.** caused a letter vendor to send Plaintiff the letter attached as Exhibit 1 for an account number ending with **7577**.

13. The letter contains a bar code and/or QR codes, which indicates that Defendant used a third-party to prepare, print, package, compile, and send the collection letter.

14. In order to have the letter vendor send Plaintiff the letter in Exhibit A, Defendant had to furnish the letter vendor with (1) Plaintiff's name, (2) Plaintiff's address, (3) the existence of Plaintiff's consumer debt, (4) the amount of Plaintiff's consumer debt, (5) the creditor holding the consumer debt, and (6) information that Plaintiff did not pay, and/or defaulted, on this consumer debt.

15. The letter vendor then populated some, or all, of this information into a prewritten template, which was printed, and mailed, to Plaintiff.

16. The FDCPA defines "communication" at 15 U.S.C. §1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

17. The sending of an electronic file containing information about Plaintiff's debt to a letter vendor is a communication under the FDCPA.

18. Defendant's communication to the letter vendor was in connection with the collection of a debt since it involved disclosure of the debt to a third-party for the purpose of motivating Plaintiff, as a consumer, to pay the consumer debt.

19. Some of the information Defendant furnished to the letter vendor is legally protected from disclosure under the FDCPA.

20. Plaintiff never consented to disclose legally protected information about Plaintiff's consumer debt to any third parties.

21. In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. §1692c(b): "Except as provided in §1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably

necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

22. The letter vendor used by Defendant as part of its debt collection effort against Plaintiff does not fall within any exception permitted in 15 U.S.C. §1692c(b).

23. Defendant communicated legally protected information about Plaintiff's consumer debt to its third party letter vendor, which was not authorized by Plaintiff.

24. In addition, upon information and belief, Defendant transmitted the same information to other third-party entities by using skip trace services, bankruptcy, probate, and "scrubbing" services.

25. The communication of this legally protected information about Plaintiff's consumer debt to a third party harmed Plaintiff, and Plaintiff's reputation, by disclosing information about Plaintiff's repayment of debts, truthfulness, solvency, and trustworthiness.

26.  Defendant unlawfully communicated with the unauthorized third-party letter vendor solely for the purpose of generating profits, without regard to the propriety and privacy of legally protected information about Plaintiff's consumer debt.

27. In its pursuit of profit, Defendant disregarded the known, negative effect of disclosing legally protected information about Plaintiff's consumer debt to an unauthorized third-party.

### COUNT I
### (FDCPA)

28.  Plaintiff repeats each and every paragraph as though fully set forth herein.

29. Defendant violated 15 U.S.C. §1692c(b) when it disclosed legally protected information about Plaintiff's debt to the employees of an unauthorized third-party letter vendor, and/or other third parties, in connection with the collection of a consumer debt.

30. Defendant violated 15 U.S.C. §1692f by using unfair means in connection with the collection of a debt: to wit, disclosing personal and legally protected information about Plaintiff's consumer debt to unauthorized third parties under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

i.   Statutory and actual damages, pursuant to 15 U.S.C. §1692k;
ii.  Costs and reasonable counsel fees, pursuant to 15 U.S.C. §1692k;
iii. Such other and further relief as the Court deems proper.

Dated: Mineola, NY
       July 15, 2021

_____
RAYMOND NARDO, ESQ.
129 Third Street
Mineola, NY 11501
(516)248-2121